AMERICAN GUARANTY CORPORATION, Plaintiff-Appellant,

v.

Andrew T. GULLET et al., Defendants-Respondents.

No. 33362.

St. Louis Court of Appeals.

Missouri.

Sept. 16, 1969.

Clayton & Rosen, St. Louis, for plaintiff-appellant.

John W. Waller, Albert M. Schlueter, St. Louis, for defendants-respondents.

## 134

BRADY, Judge.

Defendants received verdict and judgment in plaintiff's action for damages. Plaintiff appeals alleging there was insufficient evidence to support the giving of defendants' verdict directing instructions. We do not reach that issue as we hold defendants were entitled to have their motion for a directed verdict sustained.

Mr. Wade Littrel had contacted defendants and Mr. & Mrs. McCalmon with regard to the lease purchase of an ice vending machine which was to be placed on a location in Sullivan, Missouri. Mr. Littrel operated as the agent of plaintiff and told McCalmon he would place the paper with plaintiff. Defendants and the McCalmons were to make a down payment and thereafter they were to make monthly payments of $210.95. At the time the suit was brought there was a balance due on such an agreement of $8,886.15. Plaintiff sought recovery for that amount plus interest penalties and costs. In addition to pleading a general denial defendants set up the defense that Littrel as plaintiff's agent had misrepresented the ice vending machine; that when confronted with his misrepresentation and the demand the defendants be released from the contract, Littrel had agreed defendants could be released and had returned their down payment to them; and that thereafter defendants had not participated in this arrangement, it being left to the plaintiff and the McCalmons.

The witness Thorne, who held the position of "Lease Administrator" with plaintiff, testified that Littrel acted as plaintiff's agent in handling this deal. Mr. Gullet's testimony was that Littrel represented the machine would produce twice the amount of ice it actually produced when it was tested on the site upon which it was to be installed. In August of 1961, as a result of his discussion with Littrel about this matter, his share of the down payment and the first month's rent was refunded to him and he turned over his copy of the lease agreement to Littrel. Littrel then told him he would be deleted from the agreement. Mr. Mc-

Calmon was present when this transaction took place and confirmed Mr. Gullett's testimony. It was also McCalmon's testimony that he and Littrel then verbally agreed McCalmon would proceed under the lease agreement without the Gullets and that shortly after Littrel's statement Gullett would be "deleted" he, McCalmon, had notified plaintiff that he would bear sole responsibility for the payment of the monies due. All correspondence with regard to this equipment was between McCalmon and plaintiff with the latter never mentioning or referring to Mr. Gullet as still being in the transaction. Mr. McCalmon later "went bankruptcy."

The instrument here involved states at Paragraph 25 thereof that it is not binding on plaintiff until executed by one of its authorized officers. The face of the instrument itself shows that it was not executed by one of plaintiff's authorized officers until October 3, 1961, and Thorne also gave this as the date of execution by plaintiff.

While there was evidence from Thorne plaintiff purchased the ice machine, there is no evidence as to when this occurred. Plaintiff's Exhibit 2, a copy of the purchase order for the machine, indicates the purchase from the manufacturer was by Littrel who operated as "The Eager Beaver Company", an organization described by McCalmon as a "sales company". The maker of the machine was not given in testimony except that the brand name was "Handy Dan".

Defendants' motion for a directed verdict was denied.

From the facts and the provisions of the instrument here involved it is clear plaintiff failed to prove any change of position by it rendering this contract other than executory. So far as this record discloses plaintiff merely purchased the paper on the machine after defendants had withdrawn from the transaction. It follows there was no binding contract until October 3, 1961. Prior to that time, in August, defendants had withdrawn their offer and this with-

drawal had been communicated to, acknowledged and accepted by Littrel whom plaintiff's own witness stated was acting as its agent. The right of defendants to withdraw their offer to enter into this arrangement prior to the acceptance of that offer by plaintiff cannot be questioned. See cases collected 17 Am.Jur.2d, Contracts, § 35, p. 374. Under such circumstances it is unnecessary to rule upon plaintiff's allegations of error dealing with instructions. This for the reason defendants were entitled to a directed verdict.

The judgment is affirmed.

WOLFE, P. J., and BRUCE NORMILE, Special Judge, concur.